# Carol J. Garcia Esq.
# Anthony J. Cariddi Esq.

Kindly respond to:
P.O. Box 188
Hasbrouck Heights, NJ 07604

June 9, 2013

The Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: United States v. Bebars Baslan, 13-CR-220 (RJD)

Your Honor:

[Handwritten annotation dated 6/13/13: "The parties are directed to meet & confer in a good faith attempt to reach a sensible resolution to these apparent problems so that the defense will receive meaningful discovery. M/Judge Mann will assist, if necessary. /s/ Judge R.J. Dearie"]

Kindly accept this letter as my response for a Status update in the above captioned matter. I apologize for the lateness of this report.

Mr. Baslan is currently awaiting further discovery requested by me during an in person conference with AUSA Tyler Smith on April 29, 2013 at his office.

During that meeting I requested complete forensic copies of all disk drives seized by the Government pursuant to the execution of the search warrant for Mr. Baslan's apartment. I informed Mr. Smith that contained on the Iphone belonging to our client were Phone Memo recordings of conversations between our client and the Cooperating Individual (CI). I indicated the importance of those recorded conversations as they preserved conversations which our client referred to as "coaching sessions" in which (CI) was attempting to set the tone and subject of subsequent "recorded" conversations, parts of which were included in the initial criminal complaint. Weeks later, we received the only four discs of discovery to date from the Government. One disc was labeled "Baslan's Iphone." It is disappointing but significant to Mr. Baslan's defense that the "App" entitled "PhoneMemo," a manufacturer's application for recording telephone calls which is factory installed and provided with this Iphone, was omitted from the discovery without explanation. To date we have not received the full copies of consensual recordings between Mr. Baslan and CI from with the Government excerpted sections to include in the initial criminal complaint. While we have received the lists of the dates and times of telephone calls between CI and Mr. Baslan we request that all recorded conversations containing Mr. Baslan's voice be supplied to us as discoverable material.

During that same meeting with Mr. Smith, I further informed him that our client had a file on his computer which listed numerous instances of CI's criminal and wrongful actions. That documented file has not been made provided to us. I informed Mr. Smith that there was no history of my client's involvement with pedophilia, child pornography or any inappropriate sexual behavior. I informed Mr. Smith that contained in the hard

Office consultations by appointment
Office:(201) 288-0217/ Cellular:(551) 804-0449/ Facsimile:(201) 596-2923
cariddiandgarcia@msn.com

# CAROL J. GARCIA ESQ.
# ANTHONY J. CARIDDI ESQ.

Kindly respond to:
P.O. Box 188
Hasbrouck Heights, NJ 07604

drives of Mr. Baslan are explicit, age appropriate, sexual encounters with numerous women from the last several years which are in an encrypted format. I informed Mr. Smith that we proposed a psych evaluation to demonstrate our client's lack of proclivity towards pedophilia or CP. I was told that any report by any doctor other than that of New York Forensic (N.G.Berrill Ph.D.) would not even be read by him.

    I was told by Mr. Smith that he would not comply with our request for forensic copies of the hard drives in as much as he believed that the disk drives contained child pornography (CP) and the government would not make forensic copies. I was told that I may review the material along with my "computer technician" at the Office of the US Attorney. That offer is not a viable solution to the discovery problem as the individual who could be of the greatest help in the defense of this matter is the Mr. Baslan himself. Denying Mr. Baslan access to this data is a profound denial of his constitutional rights. Without copies of the data, complete but redacted of any (CP), our defense of Mr. Baslan is being hamstrung to his detriment. I requested redacted copies of the disc drives. Although this request was not flatly denied, I was told that due to the size of the data files (measured in terabytes) it would be a long process to review and copy. It was indicated to me that due to the fact that portions of the data were encrypted it made the process that much more involved.

    I represented to Mr. Smith that there would be no downloads of (CP) which predated CI's arrest/ initial contact with Government authorities investigating CI's criminal activities. This representation was dismissed out of hand as untrue. I explained that Mr. Baslan became shocked by CI's admission one evening regarding CI's actions with his family members. After that admission by CI, our client began to collect information about CI which included the Phone Memo recordings of CI's conversations and informational bullet points of his wrongful acts history. Neither have been turned over in discovery to date and both are crucial to the defense of Mr. Baslan.

    During the meeting I explained our client's position and beliefs that after the arrest or original contact by the Government of CI (a date currently undisclosed to us) on Federal criminal violations relating to (CP) he (CI) set out to provide the Government with an individual target who the Government could focus their investigative efforts upon. While the Government wishes to use on or about the date of February 13, 2013 as the date when CI formally signed a cooperating individual agreement, Mr. Baslan believes that CI's planning and cooperation began shortly after his arrest sometime during October through December of 2012. During that time CI brought his personal computer to Mr. Baslan and asked Mr. Baslan to copy and clear out his (CI's) disc drive. Mr. Baslan did copy the CI's drive onto one of his (Baslan's) disc drives and retained a copy. Mr. Baslan claims that CI during the subsequent weeks provided the names of websites which he (CI) had frequented and directed Mr. Baslan to download material. Mr. Baslan maintains that

Office consultations by appointment
Office:(201) 288-0217/ Cellular:(551) 804-0449/ Facsimile:(201) 596-2923
cariddiandgarcia@msn.com

# CAROL J. GARCIA ESQ.
# ANTHONY J. CARIDDI ESQ.

Kindly respond to:
P.O. Box 188
Hasbrouck Heights, NJ 07604

both downloads took place at the insistence of CI and occurred after CI's involvement with the Government.

At our initial meeting on April 29, 2013 I was open and detailed in our requests for discovery and statements about the background of Mr. Baslan. Mr. Baslan has agreed to the continued exclusion of time pursuant the Government's representation of "continuing plea negotiations" through August 2nd 2013 and will continue to agree to future exclusions of time while awaiting additional discovery. Our request for a forensic psychological examination being granted and having been conducted by N.G. Berrill Ph.D. on June 7, 2013 we are awaiting the initial results which will be forwarded to Mr. Smith upon receipt from New York Forensic (N.G. Berrill Ph.D.). I recognize that all issues contained in this status report which need to be addressed to preserve and protect the rights of Mr. Baslan should and will be the subject of appropriate formal motions to the Court.

Thank you kindly for your attention. Please advise if you require additional information.

Respectfully submitted,

/s/ *Anthony J. Cariddi, Esq.*
Cariddi and Garcia Esqs.
201 288 0217

cc: Clerk of the court (by ECF)

Office consultations by appointment
Office:(201) 288-0217/ Cellular:(551) 804-0449/ Facsimile:(201) 596-2923
cariddiandgarcia@msn.com