# YING STAFFORD

Attorney at Law
276 FIFTH AVENUE
SUITE 501
NEW YORK, NEW YORK 10001
Phone: (212) 689-3858
Facsimile: (212) 689-0669

May 30, 2014

**BY ECF & EMAIL**
The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

                          Re:     United States v. Kristen Henry
                                    Case No. 13 Cr. 220 (RJD)

Dear Judge Dearie:

      This letter memorandum is submitted in support of the defendant's request for an adjournment of Ms. Henry's pre-trial motions until after the Court has determined her competency. Additionally, the defendant respectfully requests that the Court issue an order directing the government to institute a "firewall" or "taint team" to further litigate Ms. Henry's competency

      A.   The Request for Adjournment of the Pretrial Motions

      Whether a defendant is competent to stand trial or assist in her own defense is critical. The Supreme Court has set out the standard for assessing competence to stand trial: whether a criminal defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and has a rational and factual understanding of the proceedings. *Dusky v. United States*, 362 U.S. 402 (1960). That standard has remained unchanged because it is so fundamental to due process, with an exceptionally long history in common law. *See Rohan ex rel. Gates v.*

Hon. Raymond J. Dearie
May 30, 2014
Page **2** of **4**

*Woodford*, 334 F.3d 803 (2003). And "[f]or the defendant, the consequences of an erroneous determination of competence are dire. Because [s]he lacks the ability to communicate effectively with counsel, [s]he may be unable to exercise other "rights deemed essential to a fair trial.'" *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996), *citing Riggins v. Nevada*, 504 U.S. 127, 139 (1992) (Kennedy, J., concurring in judgment).

Competency is a temporal determination: someone is legally competent, or not, at a particular time. The basic standard applies to all phases of litigation from *Miranda* and consent-to-search waivers to trial and post-conviction proceedings. *Godinez v. Moran*, 509 U.S. 389 (1993), (noting that there is a single standard for competence, applied to every stage of a case). *See also Ford v. Wainwright*, 477 U.S. 399 (1986). Thus, it is particularly relevant to any motion advanced by the defendant what the Court's determination is regarding Ms. Henry's competency.

Accordingly, I respectfully request that the defendant's pre-trial motions be adjourned until after the Court has addressed Ms. Henry's competency.

B.  The Request For a "Firewall" and/or "Taint Team"

The defendant also respectfully requests that the Court issue an order that would require the government to institute a "firewall" or "taint team" to further litigate the issue of Ms. Henry's competency. The defendant submits that this application is appropriate given the unique circumstances of her case.

A critical issue related to Ms. Henry's competency is whether she can appreciate the charges that have been brought against her, separate and apart from, her co-defendant. Thus, defense counsel interactions with Ms. Henry, while not determinative, are an essential component of the assessment of Ms. Henry's competency since it is fundamental whether a defendant can communicate rationally about her case. *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1990).

Hon. Raymond J. Dearie
May 30, 2014
Page **3** of **4**

Moreover, what is required of a competent defendant, is the interactive dialogue which is built upon a sufficient identification, evaluation, weighing and integration of the pieces of the case as they relate to each other and to the defense strategies. Without this, a defendant is little more than a lamb led to slaughter before a jury. *Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001). These observations of Ms. Henry with her counsel will no doubt be in addressed detail at a competency hearing.

Thus, a firewall is necessary to shield the prosecuting attorneys from what is essentially attorney/client communications. Several courts have granted the use of "taint teams" in the context of a competency evaluation, as well as, attorney/client privileged communications.[1] Although most of the cases are capital prosecutions the concern is the same – that the United States Attorney's prosecuting the case be shielded from information that is inadmissible, and not to be used derivatively against the defendant. As amended in 2002, Rule 12.2 provides, in pertinent part, the following:

> (4) <u>Inadmissibility of a Defendant's Statements.</u> No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant.

Likewise, the United States Attorney's prosecuting this case should be shielded from information that is potentially confidential, and ultimately, inadmissible in this case.

---

[1] *United States v. Sampson*, 335 F.Supp.2d 166, 234 (D.Mass.2004); *United States v. Ronel Wilson*, 493 F.Supp.2d 348 (E.D.N.Y. 2006); *United States v. Williams*, 731 F.Supp.2d 1012 (D. Hawaii.2010); *United States v. Johnson*, 362 F.Supp.2d 1043 (N.D. Iowa 2005); *United States v Taveras*, 233 F.R.D. 318 (E.D.N.Y. 2006); *United States v. SDI Future Health Inc*., 464 F.Supp.2d 1027 (D. Nevada 2006) and *United States v. Stewart*, 2002 WL 1300059 (S.D.N.Y. 2002).

Hon. Raymond J. Dearie
May 30, 2014
Page **4** of **4**

    For the reasons stated, the defendant requests that a "firewall" or "taint team" be instituted with regard to any litigation of Ms. Henry's competency.

                                  Respectfully submitted,

                                  /s/Ying Stafford_____
                                  Ying Stafford, Esq.
                                  *Attorney for Kristen Henry*