

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TJS
F. #2013R00381

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 10, 2014

<u>By Hand and ECF</u>

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Bebars Baslan</u>
               <u>13-CR-220 (RJD)</u>

Dear Judge Pollak:

        In anticipation of jury selection scheduled to begin on July 14, 2014, the government respectfully requests that, in addition to the Court's standard questions, the following questions be asked of the prospective jurors:

1. Because of the nature of the charges, you will be required to view images of and hear testimony about sexually explicit conduct with minors.  These images and the testimony may be distasteful, offensive, and unpleasant to view and hear. However, the prospect of having to see or hear distasteful, offensive, or unpleasant evidence is not a basis to avoid the responsibility of jury service. Many cases, both criminal and civil, involve unpleasant things. If prospective jurors were excused on the ground that jury duty makes demands—including some unpleasant demands—then the justice system could not function. The parties have a right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness.

   Given that, do you believe that you will be able to view and hear such evidence at trial?

   And do you believe that you can be a fair and impartial juror despite having to view and hear such evidence at trial?

2. Some people are under the mistaken belief that creating, distributing, receiving and possessing sexually explicit images of minors are protected by the Free Speech Clause of the First Amendment to the Constitution or may otherwise be constitutionally protected activity. That is not the case. Congress has passed laws prohibiting such activities and such activities are not protected by the First Amendment or any other constitutional provision.

   Do you believe that creating, distributing, receiving or possessing sexually explicit images of minors should be protected as free speech?

   Would you be able to follow the law regardless of your personal opinion as instructed by the court as it applies to the creation, distribution, receipt, and possession of materials involving the sexual exploitation of minors?

3. What are the current or former occupations of your parents?

4. Have you or a relative or a close friend ever been <u>accused</u> or <u>convicted</u> of a sexual offense?  Have you or a relative or a close friend ever been a <u>victim</u> of a sexual offense?[1]

---

[1] The government requests that the Court ask both of these questions at the same time and that anyone who answers "yes" be asked to approach the bench and provide further information.  The government suggests this approach because it decreases the social stigma a juror may feel if asked to raise his/her hand to a question that would specifically identify that he/she or a close friend had been accused or convicted of a sexual offense.  Under the requested protocol, an affirmative answer would not indicate to other jurors whether the particular juror (or a close friend or relative) had been accused of a sexual assault or was a victim of a sexual assault.

5. You may hear evidence about the government's use of a confidential informant. It is legal for the government to use confidential informants to aid in investigating crimes. Does the fact that you may hear evidence regarding the use of a confidential informant cause you to be predisposed either for or against the defendant or the government?

                         Respectfully submitted,

                         LORETTA E. LYNCH
                         United States Attorney

By:    /s/
                         Tyler J. Smith
                         Tiana A. Demas
                         Assistant U.S. Attorney
                         (718) 254-6186/6116

cc:    Clerk of the Court (RJD)(CLP) (by ECF)
       Ephraim Savitt, Esq.
       Natasha Marosi, Esq.