# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE　　　　　　　　　　　　　　　　　　　　　　　　　(212) 679-4470
22ND FLOOR　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX:   (212) 679-6770
NEW YORK, NEW YORK 10016　　　　　　　　　　　　　　　EMAIL:EPHRAIM@SAVITTESQ.COM
WWW.SAVITTESQ.COM

January 06, 2015

**BY ECF AND U.S. MAIL**
HONORABLE RAYMOND J. DEARIE
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　Re:　**United States v. Bebars Baslan**
　　　　　　　　**Docket No. 13 CR 220 (RJD)**

Dear Judge Dearie:

　　　I had a lengthy discussion with Mr. Baslan at MDC yesterday. As a result, I am making two applications to the Court: 1) To be relieved as counsel for Mr. Baslan; and 2) For an adjournment of the sentencing proceedings until successor counsel is appointed and become familiar with the fully briefed post trial motions and sentencing issues. Mr. Baslan has asked me to make these applications and is resolved to continue without me as his counsel to the extent that he will proceed pro se should the Court decline to appoint successor CJA counsel.

　　　He has concededly not seen me for well over 2 months while I was engaged in a lengthy trial and in submitting his Rule 33 arguments and sentencing submissions. We had fundamental differences in the strategic approach to his case. As I have advised him repeatedly, I refused to incorporate certain arguments and requests that I firmly believe are either unwarranted or inimical to his interests. He feels that I should have incorporated his approach and arguments in submissions, and it is the chief reason he no longer wishes that I represent him. Although counsel's strategic decisions prevail, the fact that Mr. Baslan is facing the equivalent of life sentencing under the PSR recommendation, for an inchoate crime that wouldn't have exceeded mere touching, makes his case dramatically different than almost all cases that come before this Court.

　　　During my lengthy discussion with Mr. Baslan at the MDC yesterday, he brought up number of points and challenges to the PSR that in his view have merit, and which he wishes to raise through a new counsel. The prime example is the PSR's recommendation that he will be committed to a sex offender mental health program in order to make him fit to rejoin society after his release from prison. It seems odd that the same recommendation seeks a 45-year sentence which would only make Mr. Baslan fit for a burial casket before he can complete service of his sentence, given the life expectancy tables and his health problems. It is one thing to be required to undergo such a program if the sentence allows him

1

to rejoin society either before he is completely toothless as to the malady for which he is treated, or has to be interred because his time on this Earth has expired. The combination of both requirements is nothing short of additional cruel and unusual punishment in isolating Mr. Baslan in a sex offender therapy program in a prison hospital as the environment in which he has to serve for the better part, if not the rest, of his life.

My position as to the appropriate punishment for Mr. Baslan has been exhaustedly presented in my lengthy submissions to the Court. Yet, he is facing a 30-year mandatory minimum sentence should the Court deny my Eighth Amendment argument. He no longer has confidence in me and that is certainly his prerogative. In my view, for whatever worth the Court may accord it, he should have a fresh pair of trained eyes appointed for him to review my trial performance and submissions on his behalf. He has asked me to convey his request that should the Court not appoint another counsel to replace me, he will insist on proceeding pro se. I am concerned that it is not in his best interest, but I am duty-bound to so advise the Court.

In summary, Mr. Baslan is asking for the appointment of new counsel. Although I am not a quitter and I am confident that my representation more than adequately meets the standards of competence required in difficult cases such as his, much less the 1st prong of the Strickland Test, in view of the serious stakes that the post trial and sentencing proceedings pose for Mr. Baslan, I believe that it is my obligation to join in to his application for new counsel, with my apologies to the Court.

I thank Your Honor for your courtesy and convey my best wishes for the New Year.

Respectfully Submitted,

Ephraim Savitt

Cc:   Clerk of the Court (RJD) (By ECF and US Mail)
      All Counsel (By ECF)

      Bebars Baslan (By U.S. Mail)