# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE  
22ND FLOOR  
NEW YORK, NEW YORK 10016  
WWW.SAVITTESQ.COM

(212) 679-4470  
FAX:   (212) 679-6770  
EMAIL:EPHRAIM@SAVITTESQ.COM

January 06, 2015

**BY ECF AND U.S. MAIL**  
HONORABLE RAYMOND J. DEARIE  
U. S. District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

>  Re:   **United States v. Bebars Baslan**  
>              **Docket No. 13 CR 220 (RJD)**

Dear Judge Dearie:

I respectfully submit this as a supplemental sentencing letter for Bebars Baslan. He has asked me to make the following objections to the PSR, as set forth below, with a motion to strike or amend the challenged allegations. A separate submission being filed simultaneously asks for my relief as Mr. Baslan's counsel and adjournment of the sentencing date to enable successor counsel to become familiar with the fully submitted post-trial and sentencing issues.

1- Allegations from Baslan's prior employer Emmett Murphy (PSR, pages 25-26, paras. 62-63):

Murphy is an applied psychologist, with a doctorate in music therapy. And Baslan neither consented to, nor actually was the subject of a formal evaluation by him. Murphy is not a licensed therapist, and for that reason, Murphy's opinion of Baslan as having "narcissistic tendencies" and being "situationally psychopathic" is entitled to no weight or consideration in the sentencing process. This paragraph should be stricken.

The "documents" described were part of a backup image of digital files on Murphy's laptop. Murphy had instructed Baslan to create this backup when he was making copies of his hard drives. This backup copy was never opened or browsed or used in any manner by Baslan.

2- "Asserting Innocence" (PSR Recommendation, page 3, 3rd para.):

Baslan made no statements on the record post-trial asserting his innocence. He also did not discuss the case with the Probation Officer, at my request, during the presentence interview. For that reason, Baslan objects to the language that effectively portrays him as a unrepentant offender. To the contrary, Baslan not only pled guilty to possession of child pornography prior to trial, but he was willing to take a plea disposition to a charge that carried less than a 30-year mandatory minimum sentence. The government

refused to entertain such a possibility, and insisted that he plead to the 30-year mandatory punishment prescribed by the Travel Act in count one. Seeing no reasonable option was open to him, Baslan proceeded to trial. But he has never continued to assert his innocence of all the charges, as alleged in the PSR.

3- Treatment program (PSR Recommendation, page 1, para. 1):

Baslan objects to the PSR recommendation that he be designated to a facility offering psych evaluation for sex offenders. Such a program makes no sense for him on a number of levels. He has no history of pedophilia, and is not a pedophile. A restrictive program condemns him to severe restrictions with no attendant benefits. To the extent that rehabilitation is actually a goal of the PSR's recommended sentence, its recommended 45-year sentence is entirely inconsistent with the concept of sexual rehabilitation because Baslan cannot possibly survive such a sentence.

4- Designation recommendation request:

Instead, Baslan asks the Court to recommend that he be designated to the Otisville facility. That facility offers Jewish traditional observance and kosher food for inmates, such as Baslan, who is a practicing member of the Jewish faith. In the MDC, Baslan attended all Jewish services, observed all the religious holidays, religiously donned the Tefillin (phylacteries containing biblical portions worn by observant Jews during weekday and non-holiday morning prayers) and studied with all volunteer rabbis that visit prisons in this area. Baslan has only had kosher meals, and he buys only kosher food from the MDC commissary.

5- Waivers

Baslan wishes to formally withdraw all of the written PSR Investigation waivers for health, therapy, tax, credit history and other confidential information. The waivers were presented to him for signature outside the interview room before the interview began and before counsel arrived for the interview. Instead, Baslan was told that his attorney will review them within, and if he did not agree, the signed waivers would be torn up. This exchange was witnessed by the 4 marshals on duty at the time.

    That concludes my submission of Mr. Baslan's objections to the PSR. Although he has additional challenges that he wishes to raise, either pro se or through successor counsel, my involvement in his defense is no longer tenable, given his respectful, albeit determined, opposition to my continuation as his counsel. I join in his motion that I be relieved as counsel. Our differences, which have been many although respectfully discussed, are in my judgment irreconcilable. I tried my best; but my best falls short without the assistance of the client whose rights and interests I am trying to protect.

    My best wishes for a happy and healthy New Year.

Respectfully Submitted,

Ephraim Savitt

Cc:    Clerk of the Court (RJD) (By ECF and US Mail)
        All Counsel (By ECF)

        Bebars Baslan (By U.S. Mail)