# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE  
   Suite 2200  
NEW YORK, NEW YORK 10016  
WWW.SAVITTESQ.COM

PHONE: (212) 679-4470  
FAX:    (212) 679-6770  
EMAIL:EPHRAIM@SAVITTESQ.COM

BY ECF and Mail (Court's Courtesy Copy)  
Honorable Raymond J. Dearie  
Senior United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

January 30, 2015

Re: <u>Unites States</u> v. <u>Bebars Baslan</u>, 13 CR 220 (RJD)

Dear Judge Dearie:

    I have been asked by Bebars Baslan to convey to the Court today by ECF the message set forth below. Although addressed to me, Mr. Baslan is requesting a 2-week sentencing adjournment in order to allow him to retain counsel to replace me, and to enable him to file supplemental submissions containing arguments as to post-trial motions and sentencing issues and arguments that he believes I should have included in my lengthy multiple submissions on his behalf.

    I am constrained to advise the Court that Mr. Baslan was advised of the advanced sentencing date only a week ago Thursday. In view of certain events that I cannot reveal on the record, and about which, I ask respectfully, that no negative inferences be drawn against either Mr. Baslan or myself, I have chosen not to visit him in the past month, or to consult with him about the final product of the post-trial and sentencing submissions that I filed. I did, however, discuss in person with him, in advance of the filings, the arguments that I will make in those submissions, and he was completely informed about those arguments.

1

The last time Mr. Baslan and I had such a discussion in person, over a month ago, he informed me that he wished to raise additional points in pro se submissions, and I encouraged him to do so. Mr. Baslan understood that he would have to make such supplemental submissions on his own directly to the Court. In that meeting, I advised him that I believed, as I continue to believe, that a 30-year mandatory-minimum sentence, much less the draconian 45-year sentence advocated by the government and probation, was eminently disproportionate and unfair. After the Court entered the order yesterday afternoon denying the Rule 29/33 motion that I submitted on Mr. Baslan's behalf, I sent him via CorrLinks a copy of that Order and my regrets as to the outcome of the motions. His response just a short while ago is as follows:

"I do not want this, I am in the process of hiring a new lawyer to help me preserve the record, I DO NOT WANT OT GET SENTENCED ON THIS DATE, I AM NOT READY FOR MY SUBMISSION I NEED TO MAKE COPIES OF EVERYTHING I NEED TO SUBMIT,

I NEED AT LEAST TWO WEEKS This will circumvent any chance of me to preserve the record.

This is wrong E and you know it, and you let it happen, we could have pushed it till after 2/27."

I always try to do my very best for all my clients. I know that this case is no exception to that rule. In fact, I worked long hours, and diligently researched and prepared post-trial and sentencing arguments on Mr. Baslan's behalf, including most prominently, an Eighth Amendment challenge to the 30-year minimum mandatory sentence for the Travel Act conviction in which I firmly believe. Obviously, just as Courts often do not agree with my arguments, however, well-intentioned I may be, there are some clients who do not share my view that I have done all I can for them, within the appropriate bounds of the law and zealous advocacy, and in full satisfaction, at the very least, of the first prong of the *Strickland* test.

                                              Respectfully submitted,

                                              Ephraim Savitt /s/

cc: Clerk of the Court (RJD)
    All counsel (ECF)
    Bebars Baslan (CorrLinks)

Case 1:13-cr-00220-RJD    Document 177    Filed 01/30/15    Page 3 of 3 PageID #: 2351