April 15, 2020

Honorable Judge Dearie
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
☆  APR 27 2020  ☆
BROOKLYN OFFICE

Re: United States v. Bebars Baslan
Crim Docket No. 13-CR-220 (RJD)
Civil Docket No. 19-4713 (RJD)

Motion to file defendant's reply to Government's response to his 2255 motion, but still grant extention to refile because of lock down due to Covid-19

① The defendant is filing his reply to Government's response to his 2255 motion (included in this filing) in timely manner before the April 20 deadline granted by this court on 1/30/2020.

② On March 17, 2020 the defendant filed a motion with this court informing your honor that his institution went under lockdown / modified operations to accomodate for covid-19 pandemic. (motion attached to this filing as exhibit A). The defendant has not recieved a reply to his motion as of this date.

③ On April 1 implemented more sever measures "Stay in Place" lockdown for 14 days to be re-evaluated.

4) On April 13, 2020, Bop extended this lockdown till May 18, 2020 per national guidance, to be re-assesed on May 19, 2020.

5) This in cell lockdown, with two hour per day time block to only 1/4 of unit at a time to take showers, do Laundry, call, etc. these hour blocks are on rotating basis.

6) While inmates have access to look-up only legal terminal (one per unit), this is not enough time to research.

7) The memo mentions that an inmate may work through their Unit team for access to the library. defendant has not been able to to get any additional Law library since this lockdown took place. (if they have imminent deadlines)

8) Additionally staff could not give clear instruction, nor appeared to know how to obtain print-outs of cases (at defendant's expense) so the defendant could do the work during the lockdown in his cell. (staff directed defendant to reach out to other departments)

9) Defendent is currently attempting to reach out to other departments to obtain printouts and additional Law library time.

10) Therefore the defendant respetfully ask the court to accept his filing (of the reply to Gov.'s response to his 2255 motion). Additionally, the defendant renewes his March 17 application

for 39 day extention of time starting from the date Bop returns to normal operation, and allows the defendant to refile his reply if he needs to. This allows the defendant to adequately prepare and present his reply and accomodate the lack of resources because of the Lockdown.

Respectfully Submitted
Bebars Baslan
# 80637-053
April 13, 2020

March 17, 2020

USPS tracking #:
7019 2280 0002 0315 4864

(1)

Exhibit A

Honorable Judge Dearie
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: US v. Baslan
13-CR-220 (RJD)
19-4713 (RJD)

Honorable Judge Dearie,

1. On January 30, 2010, your Honor granted my request to extend my 2255 Motion reply deadline from February 10, 2020 to April 20, 2020 (60 day extension).

2. On March 12th, 2020 our facility ordered to lockdown. Next day we received a memo informing us (inmate population) that our facility will operate under Modified Operations for 30 days (to be evaluated in 30 days) Exhibit A. This was done to prepare for and limit the spread of Corona virus.

3. Few days later we were allowed to leave our rooms and remain contained in the unit, with only outside recreation (on rotation basis between various units) for the time being. We were told that we could lockdown at any time, and were provided with and updated memo outlining the limitations for the modified lockdown for the next 30 days. Exhibit B.

4. While we have one Lexis Nexus Viewing station per unit (printing only available in law library) the modified operations

p 2

allowances do not include Law Library time. Access to typewriters, or any of the resources our Law library provides (Ability to make photo copies, print resources, litigation guides, and case indexes, etc.).

5. We are told that some court houses have shutdown, but do not have any specific information.

While I will do my best to meet the deadline. However, because of

    a) these limitations I mentioned;
    b) potential full lockdown;
    c) delays in functions in the bop.

and while the post offices services are still running (notably, it has taken about a week to find out how to send this motion as legal mail), I respectfully request:

- to stay my case until modified operations are suspended;
- to restart the clock on the day we resume normal operations and give me ~~30 days~~ a deadline of 39 days after that date. (The balance between March 12th "day modified operations started and April 20th).

                            Respectfully submitted
                            Bebars Baslan
                            March 17th, 2020

CC: AUSA (by U.S. Mail)

In response to COVID-19, the Bureau of Prisons (BOP) has implemented a plan moving forward to manage "social distancing" in a correctional environment. Similar to how cities are managing this pandemic, the BOP is implementing a "Stay in Place" for 14 days in order to stop the spread of the virus. The following restrictions in movement are not punitive but rather a nation-wide effort in response to a public health emergency.

- Inmates will be permitted out of cells in small groups at designated times, on a limited basis, to access medical care, showers, phones, and TRULINCs.

- A limited number of inmates will be utilized for essential work details to ensure basic operations, such as food service, laundry, commissary, and sanitation crews. All inmates on essential work details will be medically screened.

- In High and Medium security institutions, meals and limited commissary will be delivered to the housing units. In Low and Minimum security institutions, small group movements to the dining hall will be permitted to pick up meals and return to cells. Social distancing during movements is required.

- A high level of sanitation and hygiene efforts is critical in all areas, especially in cells. Cleaning supplies will be provided to the inmate population. Staff have increased the sanitation efforts throughout the institution.

- Avoid touching your face; wash your hands frequently with soap and water; sneeze/cough in your sleeve or in a tissue and discard it.

- Staff will be making routine and frequent rounds throughout the institution. If you feel sick or symptomatic (trouble breathing, chills, fever, fatigued), report it to staff immediately.

- The BOP is prepared to address any supply needs (medical, sanitation, food).

- Inmates with an imminent court deadline should work through their Unit Team for access to the law library.

- Please share with your families that there is more information about the BOP's COVID-19 response at www.bop.gov.

We appreciate your cooperation and flexibility as we are doing everything we can to assure the safety and security of our staff, inmates, and the general public. We are continually monitoring updates nationally and will share with you as the information becomes available. Staff from the various departments will be making rounds throughout the institution, *so please be patient as we work through this very critical "14-day, Stay in Place."*    Exhibit B

USPS tracking #:
7018 3090 0000 4942 4449

Honorable Judge Dearie
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

        Re: United States v. Bebars Baslan
        Criminal Docket No. 13-CR-220 (RJD)
        Civil Docket No. 19-4713 (RJD)

Reply to Government's opposition to defendant's 2255 motion.

Here comes the Defendant Bebars Baslan, pro-se, respectfully submitting a reply to Government's opposition to his 2255 motion.

Argument I: Motion to dismiss venue would not have been meritless.

① The Government (Gov) in this argument:
    A) Cites U.S. v. Rodriguez-Moreno 256 U.S. 275 (1999); and U.S. v. Thompson 896 F 3d 155 (2018)
    B) Argues that the phone calls between defendant and CI, and that the defendant gave CI Benadryl justifies the application of 18. USC. 3237(a)
    C) Argues that the Gov did not accept Henry's venue motion instead their motion only reflected their view that Henry was significantly less culpable than the defendant.

② Both cases cited by Gov.: U.S. v. Rodriguez-Moreno (1999) and U.S. v. Thompson (2018) can be differentiated from the defendant's case and therefore do not apply.

③ In Rodrigueze-Moreno the defendant was charged with kidnapping U.S.C 18 §1201; and use of firearm in connection with the kidnapping U.S.C 18 §924(c)(1). Although the kidnapping occured in New Jersey and several other states, the defendant's use of the firearm occured only in Maryland, the Supreme Court upheld the propriety of the venue in New Jersey, ruling that the commission of the kidnapping was an essential element of the firearm offense.

④ In U.S. v. Thompson (Noting that this ruling happened 3 year after this defendant was sentenced), Thompson was convicted of USC 18 §2251(a). While he physically produced the child abuse video in the Southern District of New York, his contact, control, of his victim started in Eastern District and continued to Southern District, therefore venue was propper in Eastern District.

⑤ In both of these cases the multi-district acts were essential conduct elements of the statutes charged in these cases.

⑥ Kidnapping is an essential element of 924(c)(1) statute. Also "employs, uses, persuades, induces, entices, or coerces ..." are essential conduct elements of 2251(a).

7) In addition to leaning on these cases the Gv., in their argument for the application of USC 18 §3237(a) to this case, point to: a) the phone calls between defendant and CI (discussing plans for offense); b) the defendant giving Benadryl to the CI, both of which happened in Brooklyn.

8) This argument does not stand because these acts were not essential conduct elements of charged offence (2241(c)).

9) "Under Rodriguez-Moreno and §3237(a), venue for a continuing offense is proper if an "essential conduct element" of the offense begins in, continues into, or is completed in the charging district 18 U.S.C. §3237(a); Rodriguez-Moreno, 526 U.S. at 280."

10) The essential conduct elements for 2241(c): 1) crossing a state line, 2) with intent to engage in a sexual act with a child, and 3) engaging in or attempting to engage in a sexual act with a child.
The statute starts with crossing the state line and ends with the attempt. This statute is not a conspiracy.

11) I US. v. Ramirez, 420 F.3d 134, 144-46 (2nd Cir 2005), the second Circuit drew a sharp distinction between elements of an offense that involve the commission of conduct and those that do not. Only the former type of elements provide a basis for establishing venue. Thus in a mail fraud case, venue was not proper in any district in which a defendant practiced a "scheme to defraud" because that element of the offense did not involve any conduct, see

Ramirez, 420 F.3d at 145-46

(12) And in Ramirez, 420 F.3d at 145-46; the court, also, found that venue for visa fraud and mail fraud charge was improper in New York where the defendant mailed fraudulent petitions from New Jersey to an INS office in Vermont. The court ruled that the approval of attachment to the petitions by a Department of Labor office in Manhattan was insufficient to establish venue because it was "merely preparatory" to the charged offense. (see Ramirez, 420 F.3d a 141, 146)

(13) Further rulings of 2nd Circuit that acts that are "merely preparatory" to the commission of the crime will not support venue;

(14) In US v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1190 (2nd cir 1989), where defendants were charged with introducing an adultrated and misbranded juice product into interstate commerce, venue could not based on defedant's telephone calls and mailings to a broker in the district to place orders for the product (id at 1190) The second Circuit reasoned that "these communications were not part of the offense of introducing the offending juice into commerce but were merely prior and preparatory to the offense (id at 1190)

(15) Also in U.S v. Tzolov, 642 F.3d 314, 318-19 (2nd cir 2011), the defendant's boarding of flights at John F. Kennedy International Airport on the way to meet investors was insufficient to confer

venue in the Eastern District of New York for a substantive securities fraud count because boarding of flights was merely preparatory to the offense.

16) Lastly, the record does not support the Gov's argument that they "did not accept Henry's venue motion, rather their motion, and that their motion in response only reflected their view that Henry was significantly less culpable than the defendant.

17) The gov. additionally stated that Henry took a plea the same day.

18) All this goes against the Gov's arguments. If the plea already available, then there would be no reason to file a response to Henry's motion. Why not wait for few hours and see if Henry would accept the plea

19) It is reasonable to infer that Henry's motion may have caused the Gov. to go from a 15 yr mandatory minimum to 10 yr. mandatory minimum plea, resulting in more favorable outcome for Henry.

20) The Gov. could argue that they accepted Henry's motion to help her not go to trial with a 30 yr. mandatory minimum. This does not add up either. They could have waited to see if Henry would reject the plea agreement first.

21) Furthermore the Gov. in their March 19th response to Henry's motion wrote:

"The government submits this letter in response to the defendant's motion, dated March 18, 2015 (Docket No. 204), seeking dismissal of Count One of the Indictment, which charges ..... The government consents to the defendant's request and asks that Court enter an order dismissing Count One of the above-captioned indictment without prejudice, with leave for the government to re-file an Indictment on that charge in another district if it chooses." and this Court dismissed count on same day (Docket 208).

(22) 1) Gov. submitted their motion in response; 2) Gov. consented; 3) and requested dismissal without prejudice (leaving them to file in New Jersey instead; 4) the Gov. did not disclaim or state (in their response or anywhere on the record till now) that they did not agree with Henry's legal argument.

(23) Additionally, Mr. Savitt does not contest that the defendant had requested him to file venue motion before trial. (Stafford's affidavit attached to defendant's 2255 supports the defendant's claim)

(24) The 2nd Circuit held that trial attorney's failure to move for improper venue can be ground for ineffective assistance and led to dismissal of such conviction. (see Jason Cornell v. Robert Kirkpatrick 665 F.3d 369 2011).

(25) Therefore the defendant's argument for improper venue as to count One has merit. Mr. Savitt was ineffective for not

Case 1:13-cr-00220-RJD    Document 275    Filed 04/27/20    Page 13 of 20 PageID #: 4364

7 of 13

filing a motion to dissmis Count One, and the defendant respectfully ask the Court to vacate the conviction for Count One and remand, or have a hearing to complete the record to further explore merits of this claim.

Argument III Restitution Order:

(1) The defendant does not agree with the goverment's argument regarding the merit of the restitution order. However the defendant withdraws his objection as far as the amount of the restitution order, but maintains that his attorney was ineffective when he did ask for delayed scheduling for the payments of the restitution order.

(2) The attorney's conduct precludiced the defendant:

The defendant had asked his attorney to ask that the court to either delay the schedule of payment for the restitution order, till a later date or upon release. Savitt refused saying that since court enterd th order after sentencing and only informed the defendat during sentencing tht he can not do it, so it is an appeal matter.

(3) The defendant's request was not frivolous for the following reasons:

The defendant so far has kept up with FRP (automated payments collected by Bop for court) to this date. So far thes payments had gone towards court fees, and shortly will start going towards restitution. (court fees are special assesment fee per count orderd by the court total of $500)

(4) The defendant is currently house in a penitentiary (High security facility). USP Tucson does not operate unicore. Avarage wage in this facility is about $20/month (grade) this facility has no grade one pay any more, and only few get grad 2 pay (Apx. $42/month). Therefore FRP payments here are $25/ per quarter (3 months).

(5) Within 1 year the defendant will probably transfer to a low security FCI. He has been aligable to do so for about 4 years, but elected to stay in a residential treatment facility, and participate in variouse rehabilitation programs.

(6) The FCI facilities that the defendant will be able to transfer to have Unicore jobs, avg. pay is $120-200. However with a restitution without schedule, Bop will take half of Unicore wage to apply restitution.

(7) The defendant did at the time of sentencing, and does more so now, want to enroll in college programs. (drug adiction / rehabilitation therapy. etc.) to strengthen his own rehabilitation and to get training to obtain meaningful employment after his release. It is not uncomon for drug addicts, and sex offenders, and ex offenders in general to get rehabilitated and work with offenders. after completing thier sentences and obtaining the right education.

⑧ The least expensive option for college education available to an inmate (that is not a citizen, will be deportable and has a long sentence) such as the defendant is about $130/month after initial enrollment of about $600.

⑨ The defendant is committed to pay the full restitution after obtaining the college training and even after his release.

⑩ <u>The request to the court would not have been meritless:</u>

Since there is nothing reasonable or case law to indicate that the court would categorically refuse such a request (the payment schedule is common of judgment orders) this request is not meritless.

Savitt's assertion that the defendant will "not pay a penny of the ristitution" (see Savitt affidavit, whether based on his lack of understanding of how restitution is paid in Bop or the defendant still renders his refusal as ineffective assistance of counsel, thus the defendant respectfully asked the court to remand the restitution order as far as the payment schedule.

Affidavit

I Bebars Baslan swear that the following is true and correct to the best of my recollection and knowledge under the penalty of perjury:

1. Befor trial, I brought up the venue issue & entrapment defense, to Mr Savitt.

2. I would have plead guilty to any lesser count than Count One.

3. I would have participated in entrapment defense.

Bebars Baslan

April, 13, 2020

Defendant                              his motion to
~~attention~~ respectfully submitted this court

Bebars Baslan
April 13th 2020
*[signature]*



Bebars Baslan
# 80637-053
United States Penitentiary
P.o Box 24550
Tucson, AZ 85734

7018 3090

⇔80637-053⇔
Second Cir Eastern Distr
United States Clerk
225 Cadman PLZ E
Room 118s
Brooklyn, NY 11201
United States

"Legal Mail"